# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

GEORGE E. HELT,     )
             )
  Petitioner,     )
             )
v.            )  Case No. CIV-22-367-G
             )
CARRIE BRIDGES, Warden,  )
             )
  Respondent.[1]    )

## ORDER

Petitioner George E. Helt, a state prisoner appearing pro se, initiated this action on May 3, 2022, by filing a Petition for Writ of Habeas Corpus (Doc. No. 1) challenging his state-court criminal conviction under 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Gary M. Purcell for initial proceedings.

On May 10, 2022, Judge Purcell issued a Report and Recommendation ("R. & R.," Doc. No. 6), in which he recommended the Petition be dismissed upon preliminary review. *See* R. 4, R. Governing § 2254 Cases in U.S. Dist. Cts. On May 24, 2022, Petitioner filed a timely Objection to the R. & R. (Doc. No. 7).[2]

Pursuant to controlling authority, the Court reviews de novo the portions of the R.

---

[1] The current warden of Petitioner's facility is hereby substituted as Respondent. *See* R. 2(a), R. Governing § 2254 Cases in U.S. Dist. Cts.; Fed. R. Civ. P. 25(d), 81(a)(4).

[2] Petitioner also has submitted two motions arguing that he is entitled to federal habeas relief. *See* Doc. Nos. 8, 9. The Court has liberally construed these submissions and considered them along with the Objection.

& R. to which specific objections have been made. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having conducted this de novo review, the Court finds as follows.

I.    *Background*

The factual and procedural background is accurately summarized in Judge Purcell's R. & R.  On October 18, 2005, Petitioner was convicted upon guilty pleas of two counts of shooting with intent to kill and one count of robbery with a firearm in the District Court of Oklahoma County, Oklahoma.  Petitioner was sentenced to thirty years' imprisonment on each count, to be served concurrently.  Pet. at 1; R. & R. at 1; *see State v. Helt,* No. CF-2004-660 (Okla. Cnty. Dist. Ct.).

Petitioner did not pursue a direct appeal of his conviction.  Pet. at 2.  On July 1, 2019, Petitioner filed an application for postconviction relief, arguing that the trial court had lacked jurisdiction in his criminal case.  The trial court denied the application, and Petitioner appealed to the Oklahoma Court of Criminal Appeals ("OCCA").  R. & R. at 2. The OCCA affirmed, holding that Petitioner had failed to show any entitlement to relief on this basis.  *See Helt v. State*, No. PC-2019-616 (Okla. Crim. App. Jan. 3, 2020) (order).

Petitioner now seeks habeas relief on three grounds.  First, Petitioner argues that the Oklahoma state court lacked jurisdiction over his criminal proceedings.  *See* Pet. at 5-7. Next, Petitioner argues that he received ineffective assistance of counsel.  *See id.* at 6-7. Finally, Petitioner asserts that the state court violated the federal Speedy Trial Act.  *See id.* at 8-9.

II.     *Discussion*

A.  *Grounds Two and Three of the Petition*

In order to be heard in federal court on a petition for writ of habeas corpus, a state

prisoner generally must have "exhausted the remedies available in the courts of the State."

28 U.S.C. § 2254(b)(1)(A).  As explained by the Tenth Circuit,

> To exhaust a claim, a state prisoner must pursue it through "one complete
> round of the State's established appellate review process," giving the state
> courts a "full and fair opportunity" to correct alleged constitutional errors.
> *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1
> (1999).  If a state prisoner has not properly exhausted state remedies, the
> federal courts ordinarily will not entertain an application for a writ of habeas
> corpus unless exhaustion would have been futile because either "there is an
> absence of available State corrective process" or "circumstances exist that
> render such process ineffective to protect the rights of the applicant."  28
> U.S.C. §§ 2254(b)(1)(B)(i), (ii).

*Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011); *see also Cash v. United States*,

No. CIV-20-884-R, 2021 WL 666974, at *2 (W.D. Okla. Jan. 20, 2021) (R. & R.) ("To

fully exhaust the claims in state court, the claims must have been presented to the state's

highest court, the Oklahoma Court of Criminal Appeals (OCCA).)"), *adopted*, 2021 WL

666969 (W.D. Okla. Feb. 19, 2021).

In his second and third grounds for habeas relief, respectively, Petitioner asserts that

his trial counsel was ineffective due to not being licensed to practice in Indian Country and

that the state court violated his right to a speedy trial.  As outlined in the R. & R., Petitioner

did not raise either of these challenges in his postconviction application, and as noted above

he did not seek a direct appeal.  Accordingly, Petitioner had not exhausted his state-court

remedies as to either claim as prescribed by 28 U.S.C. § 2254(b)(1).

Judge Purcell found, and the undersigned agrees, that if Petitioner attempted to now raise Grounds Two and Three in the Oklahoma courts, the state courts would find these claims waived. The R. & R. recommends that the Court deem these unexhausted claims procedurally defaulted for purposes of federal habeas[3] due to application of an "anticipatory procedural bar." *See* R. & R. at 5; *Fontenot v. Crow*, 4 F.4th 982, 1019 (10th Cir. 2021) (explaining that "in appropriate circumstances the court can apply an 'anticipatory procedural bar' to functionally transform unexhausted claims into exhausted ones"); *see also Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007).

Federal habeas review of these defaulted claims is precluded absent a showing by Petitioner of either (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) that "a fundamental miscarriage of justice" will result if the claims are not considered. *Coleman*, 501 U.S. at 750; *see* R. & R. at 6, 13 n.7. Liberally construed, Petitioner's Objection and motions attempt to invoke both of these exceptions.

As to cause for the default, Petitioner points to the allegedly ineffective assistance of his defense counsel. *See* Pet'r's Obj. at 6; Pet'r's Mot. (Doc. No. 9) at 25-20 ("Petitioner's counsel . . . would have been distracted by the fact that they were not licensed in Federal Indian Law . . . and therefore not able to focus on the proceedings . . . ."

---

[3] "A state prisoner's default of his federal claims in state court under an independent and adequate state procedural rule bars federal habeas review of those claims." *Finlayson v. Utah*, 6 F.4th 1235, 1238 (10th Cir. 2021) (citing *Coleman v. Thompson*, 501 U.S. 722 (1991)). The Tenth Circuit has recognized that Oklahoma's bar on raising any claim for relief in a postconviction application that could have been raised on direct appeal or a prior postconviction proceeding is an independent and adequate state ground. *See, e.g.*, *Smith v. Workman*, 550 F.3d 1258, 1267 (10th Cir. 2008).

(alteration and internal quotation marks omitted)).  "Cause" under the cause-and-prejudice analysis "must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753.  Attorney error amounting to constitutionally ineffective assistance of counsel under the Sixth Amendment may constitute cause as would be required to excuse a procedural default.  *Id.* at 753-54.  But there is no indication that any claim alleging ineffective assistance by Petitioner's trial counsel has been presented to the state courts.  Petitioner does not "satisfy the cause-and-prejudice standard with respect to *that* claim" and therefore cannot not rely upon such an unexhausted claim "to establish cause for his procedural default."  *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) (holding that an ineffective-assistance claim "asserted as cause for the procedural default of another claim can itself be procedurally defaulted"); *Gonzales v. Hartley*, 396 F. App'x 506, 509 (10th Cir. 2010).  Absent a showing of cause, the Court need not consider the existence of actual prejudice.  *See Steele v. Young*, 11 F.3d 1518, 1522 n.7 (10th Cir. 1993).

With respect to a fundamental miscarriage of justice, this exception is "extremely narrow" and is "implicated only in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Ballinger v. Kerby*, 3 F.3d 1371, 1375 (10th Cir. 1993) (internal quotation marks omitted).  To prevail, Petitioner must identify evidence that "affirmatively demonstrate[s] his innocence."  *See id.*; *Steele*, 11 F.3d at 1522 (noting that a petitioner must supplement his constitutional claim with "a colorable showing of factual innocence" (internal quotation marks omitted)).

Petitioner's allegation of "actual innocence" rests upon the merits of his habeas

claims and upon claims of assorted deficiencies in the state-court proceedings.  *See, e.g.*,

Pet'r's Obj. at 4-5, 7, 18, 21.  Such assertions fall far short of supplying the Court with

"new evidence" of innocence.  *Schlup v. Delo*, 513 U.S. 298, 329 (1995) (explaining that

a showing of "actual innocence" requires that, "in light of the new evidence," "no

reasonable juror would have found the defendant guilty"). Petitioner identifies no evidence

"affirmatively demonstrat[ing] his innocence" or showing "that it is more likely than not

that 'no reasonable juror' would have convicted him."  *Ballinger*, 3 F.3d at 1375; *Schlup*,

513 U.S. at 329.  Accordingly, Petitioner has failed to show that dismissal of Grounds Two

and Three will result in a fundamental miscarriage of justice.

### III.     *Ground One of the Petition*

Petitioner asserts in Ground One that the state court lacked jurisdiction over his

criminal proceedings due to the crimes having been committed in Indian Country.  *See* Pet.

at 5-7.  In the R. & R., Judge Purcell examined the limitations period applicable to 28

U.S.C. § 2254 petitions and found that Ground One should be dismissed as untimely filed

under 28 U.S.C. § 2244(d)(1).  *See* R. & R. at 7-16.

Petitioner does not specifically dispute Judge Purcell's findings and conclusions,

and the Court concurs with the R. & R. in this respect.[4]  Petitioner's jurisdictional challenge

---

[4] The Petition alleges that it is not time barred because challenges to jurisdiction "cannot
be waived."  Pet. at 13.  "As with any other habeas claim," however, § 2254 claims
predicated on the convicting court's lack of jurisdiction are "subject to dismissal for
untimeliness."  *Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011); *accord United
States v. Patrick*, 264 F. App'x 693, 695-96 (10th Cir. 2008); *see also* R. & R. at 13-15.

does not implicate 28 U.S.C. § 2244(d)(1)(C),[5] and Petitioner's one-year period under 28 U.S.C. § 2244(d)(1)(A) to challenge his October 2005 conviction expired on or about November 1, 2006. *See* R. & R. at 8.

As discussed above, Petitioner does invoke "actual innocence" as a basis for the Court to consider his habeas claims. "[A] credible showing of actual innocence" based on newly discovered evidence "may allow a prisoner to pursue his constitutional claims" as to his conviction, under an exception to procedural and limitations-based bars—including 28 U.S.C. § 2244(d)(1)—established for the purpose of preventing a miscarriage of justice. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013); *see id.* at 387, 392-93. Successful actual innocence claims are rare due to the demanding evidentiary requirements for such claims. *See id.* at 386-87, 392, 400-01; *House v. Bell*, 547 U.S. 518, 538 (2006). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House*, 547 U.S. at 536-37 (quoting *Schlup*, 513 U.S at 327). Such claims must be based on "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Petitioner's arguments—all of which challenge the state courts' proceedings and jurisdiction—do not equate to a claim of factual innocence, and Petitioner presents no such evidence of actual innocence as to his criminal convictions to the Court. *See Schlup*, 513 U.S. at 327-29. Petitioner's claims, even liberally construed, do not invoke the actual-

---

[5] *See Pacheco v. El Habti*, __ F.4th __, No. 20-7002, 2023 WL 2576457, at *8 (10th Cir. Jan. 23, 2023) ("*McGirt* announced no new constitutional right.").

innocence equitable exception and do not permit continued consideration of Ground One by this Court. *See McQuiggin*, 569 U.S. at 392; *Bousley*, 523 U.S. at 623.

CONCLUSION

For the foregoing reasons, the Court ADOPTS the Report and Recommendation (Doc. No. 6) in its entirety. The Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. No. 1) is DISMISSED. Petitioner's Objection and Motions (Doc. Nos. 7, 8, 9, 10) are OVERRULED AND DENIED. A separate judgment shall be entered.

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon review, the Court concludes that the requisite standard is not met in this case. Thus, a certificate of appealability is DENIED.

IT IS SO ORDERED this 29th day of September, 2023.

CHARLES B. GOODWIN
United States District Judge